# IN THE COURT OF APPEALS OF IOWA

No. 21-1120
Filed October 20, 2021

**IN THE INTEREST OF K.R.,**
**Minor Child,**

**R.S., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Jennifer Bahr, District Associate Judge.

A father appeals a permanency order in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, for appellant father.

Thomas J. Miller, Attorney General, Diane Murphy Smith, Assistant Attorney General, and Jennifer V. Mumm, Harrison County Attorney, for appellee State.

Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A father appeals a permanency order in a child-in-need-of-assistance proceeding setting the permanency goal as establishment of a guardianship in maternal relatives.

The father questions whether the juvenile court erred in not placing the child in his custody and whether the establishment of a guardianship is in the child's best interests. But he only states his disagreement with the juvenile court's factual determinations and legal conclusions. Other than providing conclusory statements without citations to the record, he offers no meaningful substantive argument to facilitate appellate review,[1] so we affirm without further opinion, deeming the arguments waived. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal . . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits

---

[1] He cites no case law and only two nominal statutes that reference what the court shall do after a permanency hearing.

of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

**AFFIRMED.**